UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| JASON FRANCIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 23-cv-3222 |
| | ) | |
| BRITTANY GREENE, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Plaintiff, proceeding pro se under 42 U.S.C. § 1983, presently incarcerated at Western Illinois Correctional Center, asserts claims based on his medical care and accommodation of his knee pain.

A. <u>Motion to Request Counsel</u>

The Court undertakes an initial two-part inquiry: (1) whether the plaintiff made a reasonable attempt to obtain counsel or has been effectively precluded from doing so, and, if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself. *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir 2007). The Court must consider the factual and legal difficulty of a plaintiff's claims, and the plaintiff's competence to litigate them, while accounting for the plaintiff's literacy, communication skills, educational level, and litigation experience, plus the plaintiff's intellectual capacity and psychological history (if information on those topics is before the court). *Id.*

Plaintiff has demonstrated a reasonable attempt to secure counsel but has been unsuccessful.

Plaintiff's claims are not factually difficult. He has personal knowledge of the facts regarding his medical care, and most of the additional relevant facts should be contained in Plaintiff's medical records. The legal difficulty of Plaintiff's claims is mixed, but at this early stage of the case the Court finds Plaintiff able to represent himself based on his individual characteristics. He has some high school education, and his pleadings are clear, well organized, and make appropriate use of attached exhibits that are relevant but not overly burdensome. Plaintiff's intellectual capacity and psychological history do not appear to inhibit his abilities to represent himself.

Plaintiff's motion to request counsel is denied. He may renew his motion later in the case if he encounters difficulties.

B. Merit Review

The case is before the Court for a merit review of Plaintiff's amended complaint. The Court must "screen" Plaintiff's complaint, and through such process identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief

that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Plaintiff alleges that in February 2020 he severely injured his knee falling off his top bunk. At that time, he requested medical attention but received none. On April 1, 2020, he was seen at Nurse Sick Call. He requested to see a physician but was denied, and instead told he had to be seen at Nurse Sick Call three times for the same issue before he would be allowed to see a physician. His pain worsened and he was seen at Nurse Sick Call again on April 3 and April 10. He then was required to wait several months in excruciating pain. He was seen again at Nurse Sick Call on December 17 and 29, 2020, and May 11, 2021. Finally, on September 2, 2021, he was seen by a physician.

On January 17, 2022, he was referred to an outside hospital for a knee surgery consultation. The surgeon advised against climbing stairs at the surgery consult. Plaintiff was nonetheless, that same evening, moved to a cell on an upper gallery. Plaintiff told Lieutenant Gondora about his medical condition, that he walks with a cane, that he was scheduled for knee surgery, and pleaded with Gondora to be moved to a low gallery. Gondora was aware of Plaintiff's condition and instead of accommodating Plaintiff's situation became aggressive and told Plaintiff "you are going up to your cell one way or another," exhibiting total indifference to Plaintiff's severe pain and knee injury.

At about this same time, Plaintiff asked Warden Greene and Healthcare Unit Administrator and ADA Coordinator Kathy Ashcraft to move him to a lower gallery. They denied his requests, resulting in him being forced to struggle up and down the

stairs daily to retrieve trays, use the phone, and shower, causing additional damage to his knee and causing him to suffer unnecessary pain.

On March 8, 2022, Plaintiff had knee surgery. His surgeon ordered that he elevate the knee, ice for one week, weight bearing only as tolerated, no shower for two days, no lifting for four weeks.

On March 16, Nurses Row and Wilson asked Plaintiff to walk to commissary and carry his bags back despite the lifting restriction. On March 23, Nurses Row and Wilson took Plaintiff's cane, and lied about the physician ordering it be removed from him, which the physician expressly denied ordering. This caused Plaintiff's knee to heal improperly and caused additional unnecessary pain.

Further, Plaintiff's surgeon ordered Plaintiff receive physical therapy. He was not sent out for physical therapy until June 9, 2022. Delayed physical therapy caused his knee to heal improperly and caused him to suffer additional pain.

Plaintiff states an Eighth Amendment claim for deliberate indifference to a serious medical need against Lieutenant Gondora, Nurses Row and Wilson, Physician Trusewych, Healthcare Unit Administrator Kathy Ashcraft, Warden Greene, and Wexford Health Sources, Inc. Plaintiff has alleged that these individual Defendants knowingly denied Plaintiff needed medical care, were indifferent to his pain, or both. Plaintiff alleges that Wexford's policies and practices caused delays to Plaintiff receiving necessary medical care, particularly the policy that he had to go to Nurse Sick Call at least three times before being referred to a physician. There is also an inference that Wexford's policies otherwise delayed his receipt of needed care and timely

physical therapy following surgery. Plaintiff properly alleges personal involvement and lack of adequate response by each of the individual Defendants. Further, it is plausible that Ashcraft, as Healthcare Unit Administrator and ADA Coordinator, bore responsibility as well for Plaintiff receiving delayed medical care. Plaintiff alleges the delay in treatment caused him to suffer unnecessary pain and caused a permanent injury.

These allegations state an Eighth Amendment claim. *See Petties v. Carter*, 836 F.3d 722, 729-30 (7th Cir. 2016) (en banc); *Thomas v. Cook Cty. Sheriff's Dept.*, 604 F.3d 293, 303 (7th Cir. 2010); *see also Woodward v. Corr. Med. Servs. of Ill., Inc.*, 368 F.3d 917, 927-28 (7th Cir. 2004) (the standard for municipal liability in *Monell v. N.Y. City Dep't of Soc. Servs.*, 436 U.S. 658 (1978), applies to corporations as well).

Plaintiff's allegations also state a claim for violation of the Americans with Disabilities Act and Rehabilitation Act. Plaintiff alleges he suffered from severe knee pain for well over a year prior to surgery but was nonetheless forced to traverse flights of stairs to access necessities such as food, showers, and medical care. *See Jaros v. Ill. Dep't of Corr.*, 684 F.3d 667, 670-73 (7th Cir. 2012). The correct Defendant for this claim is the Illinois Department of Corrections. The Clerk is to add IDOC as a Defendant to the case. *See Id.*

IT IS THEREFORE ORDERED:

1. **Plaintiff's Motion to Supplement [8] is GRANTED.**
2. **Plaintiff's Request Counsel [5] is DENIED.**
3. **Clerk is to add as a Defendant the Illinois Department of Corrections.**

4. **Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that the plaintiff states an Eighth Amendment claim for deliberate indifference to a serious medical need against Lieutenant Gondora, Nurses Row and Wilson, Physician Trusewych, Healthcare Unit Administrator Kathy Ashcraft, Warden Greene, and Wexford Health Sources, Inc. Plaintiff also states an ADA/RA claim against IDOC. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.**

5. **This case is now in the process of service. The plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give notice to the defendants and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the court.**

6. **The court will attempt service on the defendants by mailing each defendant a waiver of service. If a defendant fails to sign and return a waiver of service to the clerk within thirty days after the waiver is sent, the court will take appropriate steps to effect formal service through the U.S. Marshals service on that defendant and will require that defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).**

7. **With respect to a defendant who no longer works at the address provided by the plaintiff, the entity for whom that defendant worked while at that address shall provide to the clerk said defendant's current work address, or, if not known, said defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the clerk and shall not be maintained in the public docket nor disclosed by the clerk.**

8. **The defendants shall file an answer within 60 days of the date the waiver is sent by the clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this opinion. In general, an answer sets forth the defendants' positions. The court does not rule on the merits of those positions unless and until a motion is filed by the defendants. Therefore, no response to the answer is necessary or will be considered. After the defendants have been served and have answered, the court will enter an order setting discovery and dispositive motion deadlines.**

9.  This district uses electronic filing, which means that, after defense counsel has filed an appearance, defense counsel will automatically receive electronic notice of any motion or other paper filed by the plaintiff with the clerk. The plaintiff does not need to mail to defense counsel copies of motions and other papers that the plaintiff has filed with the clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are NOT filed with the clerk. The plaintiff must mail discovery requests and responses directly to counsel for the appropriate defendant. Discovery requests or responses sent to the clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until the court has entered a scheduling order, which will explain the discovery process in more detail.

10. Counsel for the defendants is hereby granted leave to depose the plaintiff. Counsel for the defendants shall arrange the time for the deposition.

11. The plaintiff shall immediately notify the court, in writing, of any change in mailing address and telephone number. The plaintiff's failure to notify the court of a change in mailing address or phone number will result in dismissal of this lawsuit.

12. The clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

Entered this 11th day of March, 2024.

*s/Michael M. Mihm*
MICHAEL M. MIHM
UNITED STATES DISTRICT JUDGE
